```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

METROPOLITAN LIFE INSURANCE
COMPANY,

      Plaintiff,

v.                             Case No. 8:10-cv-28-T-33MAP

RONALD CORONITI, LISA CORONITI,
and DESIREE BELL,

      Defendants.
_____/

DESIREE BELL,

      Cross-Plaintiff,

v.

RONALD CORONITI and LISA CORONITI,

      Cross-Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Cross-Defendants Ronald Coroniti and Lisa Coroniti's Motion to Dismiss Amended Cross-Claim (Doc. # 13), which was filed on April 12, 2010. Cross-Plaintiff Desiree Bell filed a Response in Opposition to the Motion (Doc. # 16), on April 26, 2010.

For the reasons that follow, the Court grants the Motion to Dismiss the Cross-Claim, but will allow Ms. Bell to file an amended Cross-Claim within ten days of the date of this Order.

I.  **Background**

On January 7, 2010, Metropolitan Life Insurance Company ("Metlife") filed a Complaint in Interpleader. (Doc. # 1). Therein, Metlife explains that Ronald and Lisa Coroniti are the surviving siblings of Joseph Coroniti, the Decedent, and Desiree Bell is the surviving girlfriend of the Decedent. (Id. at ¶¶ 2-4).  The Decedent was employed by Veolia Environmental Services North America Corp., and was a participant in the Veolia Environmental Services North America Corp. Employee Life and Disability Plan (the "Plan"). (Id. at ¶ 7).  The Plan is an ERISA-regulated employee benefit plan and is funded by a group life insurance policy issued by Metlife.  (Id.) Metlife, as a claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. (Id. at ¶ 8).

Metlife has on file two beneficiary designation forms: one indicating that the Decedents' siblings are co-equal primary beneficiaries and another indicating that Ms. Bell is the primary beneficiary.  (Id. at ¶¶ 11-12).  The Decedent's siblings and Ms. Bell have demanded payment of the life insurance proceeds from Metlife, and Metlife is uncertain as

to who should receive the benefits.[1] Therefore, Metlife was granted permission to deposit the life insurance proceeds ($204,564.93) into the Court's registry. (Doc. # 31).

On March 26, 2010, Ms. Bell filed her answer to the Complaint as well as her Cross-Claim for Declaratory Relief. (Doc. # 11). Therein, Ms. Bell asserts, among other things: "Cross-Plaintiff is in doubt about her rights to Decedent's life insurance benefits under the Plan and is entitled to have such doubt resolved." (Doc. # 11 at ¶ 13).

Ms. Bell's Cross-Claim for Declaratory Relief is the subject of the present Motion. The Decedent's siblings argue that the Cross-Claim is defensively preempted by ERISA, that Ms. Bell is not entitled to a jury trial, and that the Cross-Claim should therefore be dismissed. The Court agrees, and provides the following analysis.

---

[1] Counsel for the Decedent's siblings served Metlife with a letter stating: "My clients aver that they possess indisputable evidence that the Beneficiary Designation form was procured under false pretenses by the aforesaid Desiree Bell months _after_ December 15, 2008 and at the time when Joseph M. Coroniti was seriously ill, and that Desiree Bell falsely predated the document with the purpose of making it appear that the signature of Joseph M. Coroniti and the affixation of the December 15, 2008 date thereon was subsequent to the Beneficiary Designation form properly and voluntarily signed by Joseph M. Coroniti on November 3, 2008." (Doc. # 1 at ¶ 16).

## II. Analysis

Ms. Bell's Cross-Claim seeks relief available under ERISA. 29 U.S.C. § 1132(a). ERISA erects a high barrier to state law claims brought by participants or beneficiaries of ERISA Plans against Plan Administrators. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990)("The preemption clause is conspicuous for its breadth. Its deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern.")(internal citations and quotation marks omitted). State law claims that "relate to" the Plan are preempted explicitly by the statute. Id.

"A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." Garren v. John Hancock Mut. Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997). In sum, "ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state-based claims." Amos v. Blue Cross-Blue Shield of Ala., 868 F.2d 430, 431 (11th Cir. 1989). That the Cross-Claim involves a dispute over a change of beneficiary form in no way defeats ERISA preemption. Liberty Life Assur. Co. of Boston v. Kennedy, 228

4

F.Supp.2d 1367 (N.D. Ga. 2002), aff'd, 358 F.3d 1295 (11th Cir. 2004).

Accordingly, the Court finds it appropriate to grant the Motion to Dismiss, and Ms. Bell's Cross-Claim is dismissed without prejudice.  Ms. Bell may file an amended Cross-Claim to properly state a claim for recovery of benefits under ERISA, within ten days of the date of this Order.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Cross-Defendants Ronald Coroniti and Lisa Coroniti's Motion to Dismiss Amended Cross-Claim (Doc. # 13) is **GRANTED**.

(2) Ms. Bell may file an amended Cross-Claim to properly state a claim for recovery of benefits under ERISA, within ten days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of August 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5